640 P.2d 181

**Eleanor ZIEGLER, Petitioner,**

v.

**The SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF PIMA, and the Honorable Robert J. Hooker, a Judge thereof; real party in interest; S. J. DeVito, D. O. and Margarite DeVito, his wife, Joseph Rogers, D. O. and Sheila Rogers, his wife; dba Cardiology Consultants, and Tucson General Hospital, Respondents.**

No. 15723–SA.

Supreme Court of Arizona, En Banc.

Jan. 15, 1982.

Rehearing Denied Feb. 17, 1982.

Scheff & Botwin by S. Leonard Scheff, and Bolding & Zavala by Edward P. Bolding, Tucson, for petitioner.

Chandler, Tullar, Udall & Redhair by Richard Davis, Tucson, for respondent, Tucson General Hospital.

Johnson, Welliever, Buckley & Otto by John P. Otto, Phoenix, and Lesher, Kimble & Rucker, P. C. by Timothy L. Ryan, Tucson, for respondents, DeVito, Rogers, dba Cardiology Consultants.

HOLOHAN, Chief Justice.

This is the second occasion that the parties have been before this court on a special action. The petitioner and the real parties in interest are plaintiff and defendants respectively in a medical malpractice action. The medical charts of 24 previous patients have become an evidentiary issue in the action. On September 2, 1981, the respondent court ordered the respondent doctors to disclose the names of all 24 patients to the petitioner.

The respondent doctors filed a special action to prevent enforcement of the disclosure order of the respondent court. We accepted jurisdiction and entered an order vacating the disclosure order because it violated the express mandate set forth in A.R.S. § 12–2235.

Following the order of this court, the respondent court, on October 22, 1981, entered an order which, among other things, required that the respondent doctors provide to the respondent court the names, addresses, and means of contacting any and all of the 24 former patients who have not as yet consented to the use of their files. The respondent court further ordered that all the parties confer and agree upon a letter and consent form which was to be sent by the respondent court to the patients to solicit their consent to the use of the information in their patient files.

This special action followed, raising the propriety of the stated portion of the October 22nd order and other issues. We accepted jurisdiction for the sole purpose of ruling on the described portion of the October 22nd order.

In our judgment the attempt by the trial court to use the identity of the patients, even to achieve fairness between the litigants, violates the physician-patient privilege. It is true that the respondent doctors know the identity of their former patients, and these patients might provide useful information to the plaintiff. We are not, however, concerned with adjusting the relative unevenness of the litigants. The statutory privilege was not designed to help or protect the doctors. The purpose of the physician-patient privilege was to insure that the patient would receive the best medical treatment by encouraging full and frank disclosure of medical history and symptoms by a patient to his doctor. *Lewin v. Jackson*, 108 Ariz. 27, 492 P.2d 406 (1972).

The challenged order of the respondent court undermines the privilege by having the respondent doctors disclose the identity of the patients they had treated. Disclosure of such information even to the trial court is nevertheless disclosure which is not authorized. The former patients are entitled to be left to their privacy secure in the belief that their confidences, treatment, and records are protected from disclosure.

The above described portion of the respondent judge's order of October 22, 1981, and the stay order heretofore issued in this cause, are vacated.

GORDON, V. C. J., and STRUCKMEYER, HAYS and CAMERON, JJ., concur.